UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE NORTH AMERICAN INSURANCE COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and ALLSTATE COUNTY MUTUAL INSURANCE COMPANY,<br><br>       Plaintiffs,<br><br>v.<br><br>SOHAIL ROOPANI, PIONEER HEALTHCARE, LLC, SUNNY TRAIL INVESTMENTS, LLC D/B/A EDLOE VENTURES, FMCH, LLC D/B/A ELITE HEALTH SERVICES, EDLOE HEALTH, LLC, ELITE GP, LLC, ELITE HS HOLDCO, L.P., ELITE HSR, LLC, CLAY HEALTHCARE SERVICES, LLC D/B/A EDLOE IMAGING - WEST HOUSTON AND D/B/A ELITE HEALTH SERVICES-WEST HOUSTON, MED CENTER HEALTHCARE SERVICES, L.P. D/B/A EDLOE IMAGING - MEDICAL CENTER AND D/B/A ELITE HEALTH SERVICES – MEDICAL CENTER, GRAND PARKWAY IMAGING & SLEEP CENTER, INC. D/B/A EDLOE IMAGING - SUGAR LAND AND D/B/A ELITE HEALTH SERVICES – SUGAR LAND, FOCUS MEDCARE, INC. D/B/A EDLOE IMAGING - BAYTOWN, CORE MD MANAGEMENT, PLLC F/K/A CORE MD MANAGEMENT, LLC, CENTERS FOR PAIN RELIEF, PLLC, | C.A. No.: 4:26-cv-02842 |

1

PRIME ORTHOPEDIC, PLLC,
OLYMPIC SPINE AND JOINT, PLLC,
PAIN ALLEVIATION AND INTERVENTIONAL
NEEDS, PLLC F/K/A PAIN ALLEVIATION AND
INTERVENTIONAL NEEDS, LLC,
ANIL ROOPANI,
RAHIL ROOPANI, M.D.,  and
BARKETALI ROOPANI,

            Defendants.

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **Answer**: The meeting of the parties required by Rule 26(f) was held via Microsoft Teams on June 24, 2026. It was attended by: Nathan A. Tilden and Douglas D. McInnis (King, Tilden, McEttrick & Brink, P.C.), the counsel for the Plaintiffs, H. Jay Hulings (Davis & Santos, P.L.L.C.), counsel for Defendants, Pioneer Healthcare, LLC, Sunny Trail Investments, LLC d/b/a Edloe Ventures, FMCH, LLC d/b/a Elite Health Services, Edloe Health, LLC, Elite GP, LLC, Elite HS Holdco, L.P., Elite HSR, LLC, Clay Healthcare Services, LLC d/b/a Edloe Imaging – West Houston and d/b/a Elite Health Services – West Houston, Med Center Healthcare Services, L.P. d/b/a Edloe Imaging – Medical Center and d/b/a Elite Health Services – Medical Center, Grand Parkway Imaging & Sleep Center, Inc. d/b/a Edloe Imaging – Sugar Land and d/b/a Elite Health Services – Sugarland, Focus Medcare, Inc. d/b/a Edloe Imaging – Baytown, Rahil Roopani, M.D., and Barketali Roopani; and J. Scott Hogan, (Dykema Gossett PLLC), counsel for Defendants, Sohail Roopani, Anil Roopani, Core MD Management, PLLC, Centers for Pain Relief, PLLC, Prime Orthopedic, PLLC, Olympic Spine and Joint, PLLC, and Pain Alleviation and Interventional Needs, PLLC f/k/a Pain Alleviation and Interventional Needs, LLC.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Answer**: None currently.

3. <u>Briefly</u> describe what this case is about.

   **Answer**: The Complaint alleges that Defendants engaged in a scheme to defraud Plaintiffs by sending false medical records and bills for unnecessary accident treatments through the mail and interstate wires to collect payments. Plaintiffs are seeking damages under Texas law and the federal RICO Act. The specific claims include civil RICO claims, common law fraud, civil conspiracy to commit fraud, money had and received, and declaratory relief. Defendants deny all allegations and claims.

4. Specify the Allegation of federal jurisdiction.

   **Answer:** Federal jurisdiction is based on both a federal question and diversity of citizenship, as the parties are from different states.

5. Name the parties who disagree and the reasons.

   **Answer**: None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Answer**: None known.

7. List anticipated interventions.

   **Answer**: None currently.

8. Describe class-action issues.

   **Answer**: Not applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Answer**: The parties intend to complete initial disclosures by October 9, 2026.

10. Describe the proposed agreed discovery plan, including:

   a. Responses to all the matters raised in Rule 26(f).

   **Answer**: The parties intend to work cooperatively during the discovery phase after production of initial disclosures is completed.

   b. When and to whom the plaintiff anticipates it may send interrogatories.

   **Answer**: Plaintiffs anticipate sending interrogatories to all Defendants 30 days after the Court decides the Defendants' anticipated Motions to Dismiss.

   c. When and to whom the Defendant anticipates it may send interrogatories.

   **Answer**: Defendants anticipate sending interrogatories to Plaintiffs 30 days after the Court decides the Defendants' anticipated Motions to Dismiss.

   d. Of whom and by when the plaintiff anticipates taking oral depositions.

   **Answer**: Within 12 months of the Court's decision on the Defendants' anticipated Motions to Dismiss, Plaintiffs anticipate taking oral depositions of the Corporate Defendants, Sohail Roopani, Anil Roopani, Rahil Roopani, M.D., and Barketali Roopani, and others, including employees of the Corporate Defendants, other providers and bodily injury attorneys.

   e. Of whom and by when the defendant anticipates taking oral depositions.

   **Answer**: Defendants currently anticipate taking oral depositions of the Corporate Plaintiffs, employees of the Corporate Plaintiffs including, but not limited to insurance adjusters and their supervisors, and defense attorneys representing Corporate Plaintiffs in auto accident cases giving rise to alleged improper/inflated billings.

   f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(b), and when the opposing party will be able to designate responsive experts and provide their reports.

**Answer**: The Plaintiffs will designate experts and provide reports required by Rule 26(a)(2)(b) within 14 months of the Court's decision on the Defendants' Motion to Dismiss. The Defendants will designate responsive experts and provide their reports within 16 months of the Court's decision.

g.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Answer**: Within 3 months after the Defendants' expert disclosures.

h.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Answer**: The Defendants anticipate taking expert depositions within 3 months after the Plaintiffs' expert disclosures.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Answer**: The parties that conferenced are in agreement on all parts of the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**Answer**: None.

13. State the date the planned discovery can reasonably be completed.

**Answer**: The planned discovery can reasonably be completed with 12 months of the Court's decision regarding the Defendants' anticipated Motions to Dismiss.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Answer**: The Plaintiff provided the Defendants with a demand prior to filing. While the Defendants have expressed interest in discussing a potential settlement, no counteroffer has been presented to date. The Defendants are currently resolving an issue regarding insurance

coverage, which they anticipate will lead to more substantive discussions. The Parties respectfully request that the Court extend the deadlines for the Defendants to respond to the Complaint to allow the parties to engage in meaningful settlement discussions without wasting resources.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Answer**: The Plaintiff provided the Defendants with a demand prior to filing. While the Defendants have expressed interest in discussing a potential settlement, no counteroffer has been presented to date. The Defendants are currently resolving an issue regarding insurance coverage, which they anticipate will lead to more substantive discussions.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Answer**: The parties are amenable to an early settlement conference with the Court or private mediation once the outstanding insurance issues are resolved, and prior to the filing of the anticipated Motions to Dismiss.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**Answer**: The parties do not consent to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

**Answer**: The Plaintiffs promptly demanded trial by a jury in this case when filing the Complaint.

19. Specify the number of hours it will take to present the evidence in this case.

**Answer**: It will take approximately 60-80 hours, or 10 full days, of trial to present evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**Answer**: The parties intend to file a Joint Motion to Establish a Briefing Schedule for the anticipated Motions to Dismiss.

21. List other motions pending.

    **Answer**: None currently.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Answer**: None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Answer**:

    Douglas D. McInnis, dmcinnis@ktmpc.com, 617-770-2214, Fed. No. 3876577, 350 Granite Street, Suite 2204, Braintree, MA 02184

    Nathan A. Tilden, ntilden@ktmpc.com, 617-770-2214, Fed. No. 1553071, 350 Granite Street, Suite 2204, Braintree, MA 02184

    Jason M. Davis, jdavis@dslawpc.com, 210-853-5882, State Bar No. 00793592, Southern District ID No. 20114, 719 S. Flores Street, San Antonio, TX 78204

    H. Jay Hulings, jhulings@dslawpc.com, 210-853-5882, State Bar No. 24104573, Southern District ID No. 3472684, 719 S. Flores Street, San Antonio, TX 78204

    Isaac Villarreal, ivillarreal@dykema.com, 713-904-6900, Texas Bar No. 24054553, Fed. No. 958226, 5 Houston Center, 1401 McKinney Street, Ste 1625, Houston, TX 75201

    Tiffany H. Eggers, TEggers@dykema.com, 214-698-7895, Florida Bar No. 0193968, Texas Bar No. 24151965, Fed. No. 3934304, Comerica Bank Tower, 1717 Main St., Suite 4200, Dallas, TX 75201

    J. Scott Hogan, shogan@dykema.com, 214-698-7868, Texas Bar No. 24032425, Fed. No. 431310, Comerica Bank Tower, 1717 Main St., Suite 4200, Dallas, TX 75201

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

KING, TILDEN, MCETTRICK & BRINK, P.C.

/s/ Nathan A. Tilden
/s/ Douglas D. McInnis
Nathan A. Tilden
ntilden@ktmpc.com
Douglas D. McInnis
dmcinnis@ktmpc.com
350 Granite St., Suite 2204
Braintree, MA 02184
(617) 770-2214

Attorneys for Plaintiffs,
*Allstate Insurance Company,*
*Allstate Indemnity Company,*
*Allstate Property and Casualty Insurance Company,*
*Allstate Fire and Casualty Insurance Company,*
*Allstate North American Insurance Company,*
*Allstate Vehicle and Property Insurance Company and*
Dated: June 29, 2026    *Allstate County Mutual Insurance Company*

DAVIS & SANTOS, PLLC

/s/ Jason M. Davis
/s/ H. Jay Hulings
Jason M. Davis
Attorney-in-Charge
State Bar No. 00793592
Southern District ID No. 20114
jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Southern District ID No. 3472684
jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

Counsel for Defendants,
*Pioneer Healthcare, LLC,*
*Sunny Trail Investments, LLC d/b/a Edloe Ventures,*
*FMCH, LLC d/b/a Elite Health Services,*
*Edloe Health, LLC,*

8

*Elite GP, LLC,*
*Elite HS Holdco, L.P.,*
*Elite HSR, LLC,*
*Clay Healthcare Services, LLC d/b/a Edloe Imaging –*
*West Houston and d/b/a Elite Health Services – West*
*Houston,*
*Med Center Healthcare Services, L.P. d/b/a Edloe*
*Imaging – Medical Center and d/b/a Elite Health*
*Services – Medical Center,*
*Grand Parkway Imaging & Sleep Center, Inc. d/b/a*
*Edloe Imaging – Sugar Land and d/b/a Elite Health*
*Services – Sugarland,*
*Focus Medcare, Inc. d/b/a Edloe Imaging – Baytown,*
*Rahil Roopani, M.D., and*

Dated: June 29, 2026          *Barketali Roopani*

DYKEMA GOSSETT, PLLC

*/s/ Isaac Villarreal*
*/s/ J. Scott Hogan*
*/s/ Tiffany H. Eggers*
Isaac Villarreal
Texas Bar No. 24054553
SDTX Federal Bar No. 958226
5 Houston Center
1401 McKinney St., Suite 1625
Houston, TX 77010
T: 713-904-6900; F: 214-462-6401
IVillarreal@dykema.com
J. Scott Hogan
Texas Bar No. 24032425
SDTX Federal Bar No. 431310
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: 214-698-7868; F: 214-462-6401
SHogan@dykema.com
Tiffany H. Eggers
Florida Bar No. 0193968
Texas Bar No. 24151965
SDTX Federal Bar No. 3934304
Dykema Gossett PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
T: 214-698-7895; F: 214-462-6401

9

TEggers@dykema.com

Counsel for Defendants,
*Sohail Roopani,*
*Anil Roopani,*
*Core MD Management, PLLC,*
*Centers for Pain Relief, PLLC,*
*Prime Orthopedic, PLLC,*
*Olympic Spine and Joint, PLLC, and*
*Pain Alleviation and Interventional Needs, PLLC f/k/a*
*Pain Alleviation and Interventional Needs, LLC*

Dated: June 29, 2026

10